## W. X. HUBER CO. *v.* UNITED STATES

No. 7654.—Invoices dated Kobe, Japan, November 9, 1937, etc.
Certified November 10, 1937, etc.
Entered at Los Angeles, Calif., December 29, 1937, etc.
Entry No. 4322, etc.

(Decided February 2, 1949)

*Philip Stein* for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Charles J. Miville*, special attorney), for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A", hereto attached and made a part hereof, have been submitted for decision upon the following stipulations of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court,

(1) That the merchandise involved in the appeals listed in the attached schedule consists of rayon articles, made of rayon which in all material respects is such or similar to the rayon in the articles the subject of decision in *United States v. Nippon Dry Goods Co.*, Reap. Dec. 5006, affirming Reap. Dec. 4704; and that the issue herein and conditions as to the market value are the same as the issue and conditions as to market value in the cited cases, and the record in said cases is hereby incorporated herein.

(2) That the appraised values of the rayon articles covered by these appeals, less any additions made by the importer by reason of the so-called Japanese consumption tax, to meet advances made by the Appraiser in similar cases, represent the prices at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and represent the export values of such merchandise and that there were no higher foreign values at the time of exportation thereof.

(3) That the appeals herein are abandoned as to all merchandise except the rayon articles.

(4) That this stipulation may be filed and made a part of the record herein, * * *

* * * * * * *

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the appeals to reappraisement listed in the schedule of cases attached hereto may be submitted on the stipulation dated February 22, 1944, heretofore filed herein and on this stipulation and the record as made.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the rayon articles here involved, and that such values are the appraised values, less any additions made by the importer by reason of the so-called Japanese consumption tax to meet advances made by the appraiser in similar cases.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.